UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

IRENE SMITHER,

    Plaintiff

v.

CIRCLE K STORE #1302, et al.,

    Defendants

Case No.: 2:20-cv-00069-APG-BNW

**Order Granting in Part Circle K's Motion for Partial Summary Judgment**

[ECF No. 16]

Plaintiff Irene Smither alleges she was injured when she stepped on a jagged piece of metal sticking out from a gas pump at a Circle K convenience store. Defendants Circle K Stores Inc. and Circle K Store #1302 move for partial summary judgment on three issues. First, they contend Circle K Store #1302 should be terminated as a defendant because it is not a separately suable entity. Second, they contend the Doe store manager should be dismissed because there is no basis to impose liability on him. Finally, they contend there is no evidence to support punitive damages because Circle K denies that it painted over or otherwise tried to conceal the alleged hazard and store maintenance records show there was no paint job on the gas pump.

Smither concedes that Circle K Store #1302 is not a separate entity capable of being sued. She contends that Circle K's motion is otherwise premature, and she requests relief under Federal Rule of Civil Procedure 56(d). Smither argues that she should be permitted to conduct discovery on the manager's identity and role in relation to the incident, and that when she identifies and then amends to add the manager, then Circle K can dispute whether amendment is proper. She also contends that she anticipates discovery will show that the hazard existed for a long time and that Circle K painted over it at some point to attempt to hide the hazard, so summary judgment on punitive damages is also premature.

I grant Circle K's motion with respect to Circle K Store #1302 because, as Smither concedes, it is not a separately suable entity. I deny Circle K's motion as to the Doe store manager because the store manager is not a party to this case and Circle K does not explain how it has standing to argue and obtain judgment on his behalf. Finally, I deny Circle K's motion as to punitive damages because it is premature and because Smither may conduct discovery about the hazard and whether Circle K or its employees attempted to conceal it.

**I.  ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

/ / / /

/ / / /

### A. Circle K Store #1302

Smither does not dispute that Circle K Store #1302 is not a separate entity capable of being sued in its own capacity. I therefore grant this portion of Circle K's motion for partial summary judgment.

### B. Store Manager

Circle K argues that I should conclude as a matter of law that its store manager, named as a Doe defendant in the complaint, cannot be liable because he acted in the course and scope of his employment for Circle K and owes no separate duty to Smither to maintain the property in a safe condition. Circle K does not explain how it has standing to argue and seek summary judgment on his behalf. If Smither attempts to amend the complaint to name the store manager as a defendant, the store manager can assert his own arguments about why amendment would be futile as to him. And Circle K may at that time have its own interest in arguing against amendment to the extent that would destroy diversity jurisdiction and impact a potential remand to state court. *See* 28 U.S.C. § 1441(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). I deny this part of Circle K's motion.

### C. Punitive Damages

I deny Circle K's motion for summary judgment on punitive damages because I grant Smither's request for Rule 56(d) relief. "Rule 56(d) offers relief to a litigant who, faced with a summary judgment motion, shows the court by affidavit or declaration that 'it cannot present facts essential to justify its opposition.'" *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 899 (9th Cir. 2012) (quoting Rule 56(d)). A party seeking Rule 56(d) relief bears the burden of

showing that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). When confronted with a Rule 56(d) motion, I may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Whether to grant relief under this rule lies within my discretion. *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 773 (9th Cir. 2003).

I grant Smither's Rule 56(d) request because she has identified areas of inquiry that may be fruitful, including the amount of time the gas pump was in a hazardous condition given its rusty appearance and whether anyone at the store took measures to hide the hazard. ECF No. 17-3 at 2-3. Circle K's evidence that no one painted over the hazard is not particularly compelling. It produces a declaration from Circle K's Human Resources Director, Troy Beatty, who states that to the best of his knowledge, Circle K did not paint over the pumps at the store in question. ECF No. 16-2 at 3. But Beatty does not explain why he would have personal knowledge about what occurred at this store. He does not attest that he worked there or even visited the location prior to the incident. Beatty also attaches a spreadsheet with information about maintenance at the store, which he contends shows there is no record the pumps were painted. But there is no declaration from store employees with personal knowledge attesting that all maintenance performed at the store was logged into the spreadsheet or that no painting took place.

Even if Circle K's evidence is sufficient to meet its initial burden at summary judgment, Smither should be given the chance to test that evidence through discovery. Smither need not simply take Circle K's unchallenged word for it. I therefore grant the motion for Rule 56(d)

4

relief and deny without prejudice Circle K's motion for judgment on the issue of punitive damages.

## II. CONCLUSION

I THEREFORE ORDER that defendants Circle K Store #1302 and Circle K Stores Inc.'s motion for partial summary judgment **(ECF No. 16) is GRANTED in part**. The motion is granted in that I instruct the clerk of court to terminate Circle K Store #1302 as a defendant. The motion is denied in all other respects.

DATED this 20th day of November, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE