UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

IRENE SMITHER,

    Plaintiff,

v.

CIRCLE K STORE #1302, CIRCLE K STORES INC.

    Defendants.

Case No.: 2:20-cv-00069-APG-EJY

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

I conducted a non-jury trial on April 25, 2022. The parties submitted post-trial briefs. I hereby enter my findings and conclusions, as required by Federal Rule of Civil Procedure 52.

**FINDINGS OF FACT**

1. Plaintiff Irene Smither is a Nevada resident.

2. Defendant Circle K Stores Inc. (Circle K) is incorporated in Delaware with its principal place of business in Arizona.

3. Defendant Circle K Store #1302 does not exist as a separate entity. Smither introduced no evidence against, nor requested relief from, the store separate from Circle K. I therefore dismiss this defendant with prejudice.

4. This case was removed from the Eighth Judicial District Court in Clark County, under this court's diversity jurisdiction. 28 U.S.C. § 1332.

5. Circle K owns and operates the Circle K (#1302) convenience store located at 4380 E. Bonanza Road in Las Vegas, Nevada (hereinafter the C-store).

6. On September 8, 2017, Smither went to the C-store to purchase gas. While exiting her car, her foot hit a metal object protruding from the concrete pedestal under the fuel

pump. She fell to the ground and was injured. She suffered a cut on her toe and a bump on her head. She was unable to completely brace her fall because her left arm was taped to her abdomen as a result of pacemaker surgery 30 days before.

7. Smither did not notice the protruding metal during her prior visits to the C-store.

8. Circle K concedes liability for the fall.

9. At her deposition prior to trial, Smither testified she did not recall seeing rust on the metal at the time of the incident.

10. Immediately after the fall, Smither sought treatment at a hospital. Her cut was cleaned and treated and she was given a tetanus shot. The cut did not require stitches.

11. A few days later, Smither visited her pain management specialist, Dr. Sean P. Su and reported the fall. Before the fall, she had been seeing Dr. Su every two weeks. On this visit, she complained of neck and head pain. Dr. Su did not examine her but referred her to other physicians for x-rays, diagnosis, and possible treatment. She consulted with those other physicians, one of whom recommended injections in her neck. Smither declined further treatment because she does not trust local medical providers based on prior bad experiences related to her pacemaker. The cut on her toe healed in four to six weeks.

12. Smither has not sought any medical treatment whatsoever since June 2018.

13. Smither did not disclose an expert or treating physician's report under Federal Rule of Civil Procedure 26(a)(2)(B) or (C), so I previously precluded her from offering testimony from her treating physicians. ECF No. 72. She did not offer into evidence at trial any medical records or bills.

14. Prior to the fall, Smither had four surgeries in five months related to her pacemaker. The last such procedure was 30 days before her fall. She also had three prior back

surgeries approximately 20 years before.  She had on-going issues with her back and was taking medication for those back issues before the fall.  She also suffers from diabetes.

15. Smither testified that the only change to her medication resulting from the fall is an increase in her hydrocodone from three times per day to four.  Otherwise, she cannot distinguish between the injuries and treatment resulting from the fall and the injuries and treatment related to her prior injuries and surgeries.

16. Smither concedes that she does not know if her current pain is attributable to her fall or to her prior surgeries and conditions.  She has not had any major lifestyle changes as a result of the fall and has no limitations on her daily activities.  Her daughter testified that Smither is no longer as active as she used to be, but is not sure how much of that is attributable to her fall or to her heart surgeries.

## **CONCLUSIONS OF LAW**

1. Smither asserts one claim of negligence. ECF No. 1-1.  "[T]o prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009).

2. Circle K "owes a duty of reasonable care to entrants for risks that exist on [its] property." *Foster v. Costco Wholesale Corp.*, 291 P.3d 150, 152 (Nev. 2012).

3. To prevail on a negligence claim under a premises liability theory, Smither must establish that: (1) Circle K controlled the property; (2) Circle K was negligent in the inspection, use, or maintenance of the property; (3) Smither was injured; and (4) Circle K's negligence was a substantial factor in causing Smither's injuries. *Id*.  Circle K concedes the fall occurred on its

property and that Smither was injured as a result. Circle K admits liability but contests the amount and causation of the damages Smither claims.

4. "It is well-settled that in a personal injury action causation must be proven within a reasonable medical probability based upon competent expert testimony. Mere possibility alone is insufficient." *Layton v. Yankee Caithness Joint Venture*, 774 F. Supp. 576, 579-80 (D. Nev. 1991) (quotation omitted). An expert is required to establish causation when "the cause of injuries is not immediately apparent[.]" *Lord v. State*, 806 P.2d 548, 551 (Nev. 1991).

5. Based on her pre-existing injuries and surgeries, the cause of Smither's claimed injuries is not immediately apparent.

6. Smither did not present a witness who is qualified to opine within a reasonable medical probability on the cause of her injuries and the reasonableness and necessity of her treatment and medical expenses. The record contains no evidence of her medical bills, diagnoses, or treatment resulting from her fall.

7. Other than her cut toe and pain to her head from falling, Smither has failed to establish that her claimed injuries were caused by Circle K's negligence. I will award her pain and suffering damages for her cut toe and head pain in the amount of $4,500.00

8. I therefore order the clerk of court to enter judgment in favor of plaintiff Irene Smither and against defendant Circle K Stores Inc. in the amount of $4,500.00.

Dated this 3rd day of May, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT COURT JUDGE